UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOONBUG ENTERTAINMENT LIMITED
and EL BEBE PRODUCTIONS LIMITED,

                Plaintiffs,

v.

BABYTEE STORE, BACKGROUND STORE, BOUTIQUE TREND NO. 2 STORE, COZY PARTY STORE, DESIGNER FABRIC STORE, FEIFEI FABRIC STORE, GENOVO STORE 2 STORE, GENOVO STORE1898 STORE, GFDESIGN BACKDROP STORE,GFUITRR DESIGN BACKDROP STORE, INNITREE STORE, JUNGLET PARTY STORE, KAWAII KIDS STORE, LBING888 STORE, MAKE MUG STORE, PARTY BACKGROUND DECORATION STORE, PHOTURT PROFESSIONAL BACKDROP STORE, SEAMLESSBACKDROP STORE, SENSFUN BACKDROP STORE, SHOP1100077035 STORE, SHOP3407008 STORE, SUPERY PARTY STORE, WONCOL PROFESSIONAL BACKGROUND STORE, WOOLLEN BLANKET NO. 2 STORE,YAYESTUDIO STORE, YIWU TOYSTOCKER TOYSCO., LTD. and YOOBABY STORE,

                Defendants.

22-CV-02032 (JAV)

**MEMORANDUM OPINION AND ORDER**

---

JEANNETTE A. VARGAS, United States District Judge:

    Plaintiffs instituted this civil action for trademark infringement, trademark counterfeiting and related state and common law claims. ECF No. 11 ("Compl."), ¶ 1. According to the Complaint, Plaintiffs are the owners of the intellectual property assets for Little Baby Bum, a popular streaming media show and YouTube channel featuring 3D animation videos of both traditional nursery rhymes and original children's songs. Compl., ¶¶ 9-10, 17. In addition to streaming content, Plaintiffs have also developed a variety of consumer products such as plush

toys, games, books, and other toys. *Id.*, ¶ 11. Defendants are individuals and/or businesses located in China. *Id.*, ¶ 25. Without Plaintiffs' authorization, Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold counterfeit Little Baby Bum products to consumers located in the United States through online merchant storefronts on the Alibaba and/or AliExpress platform. *Id.*, ¶¶ 31-32.

On March 22, 2022, District Court Judge Vernon S. Broderick granted Plaintiffs' motion for a temporary restraining order and authorized alternative service. ECF No. 19. In particular, pursuant to Federal Rule of Civil Procedure 4(f)(3), Judge Broderick authorized Plaintiffs to serve the summons and Complaint on Defendants by

> 1) delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to **Paragraph V(C)**; or
> 2) delivery of a message to Defendants through the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application seeking this Order.

ECF No. 19 at 9-10. On April 25, 2022, Judge Broderick granted Plaintiffs' motion for a preliminary injunction. ECF No. 8.

Plaintiffs obtained certificates of default on June 29, 2022 (ECF No. 29), and on June 30, 2022, Plaintiffs filed an application for an order to show cause seeking default judgment and a

permanent injunction (ECF Nos. 30-33). On July 6, 2022, Judge Vernon S. Broderick issued an order to show cause why default judgment and a permanent injunction should not be entered against the defendants in this matter and scheduled a conference for August 3, 2022. ECF No. 34.

Judge Broderick subsequently rescheduled that conference, however, and ordered supplemental briefing as to whether Defendants were properly served under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention") or the Federal Rules of Civil Procedure, citing *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382 (S.D.N.Y. 2022). ECF No. 35. In *Smart Study*, as here, the plaintiffs had been authorized to electronically serve China-based defendants pursuant to Rule 4(f) as part of its application for a temporary restraining order and other preliminary relief. 620 F. Supp. 3d at 1386-87. The court nonetheless found, at the default judgment stage, that it lacked personal jurisdiction over the defendants because electronic service on Chinese defendants was not permissible under the Hague Convention. *Id.* at 1389-1401.

Plaintiffs submitted a supplemental memorandum of law challenging the holding of *Smart Study* and arguing that service under Rule 4(f)(3) was not prohibited by the Hague Convention. ECF No. 38 at 1-6. On August 24, 2022, Judge Broderick held a conference with respect to the application for default judgment. ECF No. 39. Following that conference, Judge Broderick issued an order requiring Plaintiffs to file a supplemental declaration outlining all efforts taken to discovery physical addresses for service of process on the Defendants. *Id.* In response to that order, Plaintiffs submitted the Supplemental Declaration of Gabriela N. Nastasi, dated September 21, 2022, which detailed Plaintiffs' efforts to obtain physical addresses for the defaulting Defendants. *See generally* ECF No. 42 ("Nastasi Decl.").

## DISCUSSION

"Before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant. And before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Smart Study*, 620 F. Supp. 3d at 1389 (cleaned up) (citation omitted). Rule 4(f)(3) requires a two-part analysis, first addressing whether the ordered means of service is not prohibited by international agreement, and secondly, analyzing whether service comports with constitutional due process. Fed. R. Civ. P. 4(f)(3); *see also* Fed. R. Civ. P. 4(f)(3) advisory committee's note to 1993 amendment. Because the Court finds that Plaintiffs have not satisfied the first prong of this test, it concludes that it lacks personal jurisdiction over the defendants.

Both the United States and China are signatories to the Hague Convention. *Kiss Nail Prods., Inc. v. Shenzhen Jinri Elec. Appliance Co.*, No. CV-18-5625, 2020 WL 4679631, at *3 (E.D.N.Y. July 23, 2020), *report and recommendation adopted*, No. 18-CV-5625, 2020 WL 4676415 (E.D.N.Y. Aug. 12, 2020). Since *Smart Study* was first decided, numerous courts in this District have adopted its thorough analysis and concluded that service by email on defendants in China is prohibited by the Hague Convention. *See, e.g.*, *Moonbug Ent. Ltd. v. ABDG Store*, No. 22-CV-2386 (RA), 2025 WL 1796242, at *3 (S.D.N.Y. June 30, 2025) ("It is now well-established in this district that service by email on defendants located in China is not permitted by the Hague Convention."); *Spin Master, Ltd. v. Aomore-US*, No. 23-CV-7099 (DEH), 2024 WL 3030405, at *4 (S.D.N.Y. June 17, 2024) (vacating previous order authorizing alternative service under Rule 4(f)(3), holding that Hague Convention applied and prohibited electronic service on Chinese defendants); *Shen Zhen v. Jiangsu Huari Webbing Leather Co.*, No. 23-CV-4578 (JGLC), 2023 WL 6553969, at *1 (S.D.N.Y. Sept. 12, 2023) ("Service by email 'on litigants in China is prohibited by the Hague Convention.'" (citation omitted)).

4

The Hague Convention does not apply, however, "'where the address of the person to be served with the document is not known.'" *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018) (citation omitted). Plaintiffs argue that the Hague Convention does not apply here because the information it has regarding Defendants' physical addresses is unreliable.

An address is "not known" within the meaning of the Hague Convention "if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access,* 2018 WL 4757939, at *4 (citation omitted). Reasonable diligence means that the plaintiff has utilized the tools at its disposal in an attempt to find a current physical address, including discovery, researching the defendant's website or other internet sources, or conducted in-person investigations. *See Smart Study*, 620 F. Supp. 3d at 1391. Reaching out to an individual's shipper can also demonstrate diligence. *See Kelly Toys Holdings*, No. 22-CV-558 (PAE), 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022).

Plaintiffs' own submission demonstrates that they did have physical addresses for at least seventeen of the twenty-seven defaulting Defendants. Nastasi Decl., ¶ 10. Specifically, Plaintiffs obtained physical addresses for each Defendant from their merchant storefronts and then confirmed the accuracy of these addresses by running internet searches. *Id.*, ¶¶ 2-7. They then served a copy of the Court's order requesting a supplemental declaration via a courier service in China, which permits a sender to track the shipping status of a package. *Id.*, ¶ 9. Courier delivery was successful as to seventeen of the Defendants: Baby Tee Store, background Store, DESIGNER FABRIC Store, FeiFei Fabric Store, GENOVO Store 2 Store, GENOVO Store1898 Store, INNITREE Store, Junglet party Store, Kawaii kids Store, Party Background Decoration Store, Photurt Professional Backdrop Store, seamlessbackdrop Store, Shop1100077035 Store, Shop3407008 Store, Supery Party Store, woollen blanket No. 2 Store, and yayeStudio Store

5

(collectively, the "Known Address Defendants"). *Id.*, Ex. A. As addresses for these entities were known to Plaintiffs with reasonable diligence, the Hague Convention applied. The Court holds that service under Rule 4(f) was not proper, and that it therefore lacks personal jurisdiction with respect to the Known Address Defendants. The Court declines to enter default judgment with respect to these Defendants.

With respect to the remaining ten Defendants—Boutique trend No. 2 Store, Cozy Party Store, GFdesign backdrop Store, GFUITRR Design Backdrop Store, LBING888 Store, Make Mug Store, sensfun backdrop Store, Woncol professional background Store, Yiwu Toystocker Toys Co., Ltd., and YooBaby Store (collectively, the "Defaulting Defendants")—courier service reflected that mail to the listed addresses was undeliverable. *Id.* Plaintiffs have exercised reasonable diligence in attempting to obtain physical addresses for the Defaulting Defendants and yet have been unsuccessful in their efforts. *See, e.g., Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22-CV-2483 (LGS), 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (finding reasonable diligence where the plaintiffs conducted further online research, sent mail to the addresses, and conducted in-person visits to ascertain whether any of the physical addresses were correct and usable for service); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 GBD, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (approving service of online retailers by email and fax, where service by mail to listed physical addresses had been attempted but was returned). Accordingly, alternative service pursuant to Rule 4(f) was appropriate.

## CONCLUSION

The Court will hold a hearing as to the Plaintiffs' pending default judgment application with respect to the Defaulting Defendants on **November 24, 2025,** at **2:30 p.m.** in Courtroom 14C, U.S. Courthouse, 500 Pearl Street, New York New York 10007. Any opposition to the

6

entry of default judgment is due by **November 10, 2025**. At the hearing, Plaintiffs should also be prepared to address how they wish to proceed with respect to the Known Address Defendants.

If Plaintiffs' counsel wishes to submit calculations in support of entry of default judgment, Plaintiffs' counsel shall also email native versions of the files with the calculations (i.e., versions of the files in their original format, such as in ".xlsx") to Chambers at VargasNYSDChambers@nysd.uscourts.gov. No later than Thursday the week prior to the conference date, Plaintiffs must file the proposed default judgment order electronically, using the ECF Filing Event "Proposed Default Judgment," for the Clerk's approval.

It is further ORDERED that, **within one business day of the date of this Order**, Plaintiffs serve the Defaulting Defendants with a copy of this Order. Plaintiffs may serve the Defaulting Defendants electronically in accordance with the procedures set forth in ECF No. 19. Within **two business days of service,** Plaintiffs must file proof of such service on the docket.

Dated: October 27, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge