UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOONBUG ENTERTAINMENT LIMITED
and EL BEBE PRODUCTIONS LIMITED,

                Plaintiffs,

v.

BABYTEE STORE, BACKGROUND STORE, BOUTIQUE TREND NO. 2 STORE, COZY PARTY STORE, DESIGNER FABRIC STORE, FEIFEI FABRIC STORE, GENOVO STORE 2 STORE, GENOVO STORE1898 STORE, GFDESIGN BACKDROP STORE,GFUITRR DESIGN BACKDROP STORE, INNITREE STORE, JUNGLET PARTY STORE, KAWAII KIDS STORE, LBING888 STORE, MAKE MUG STORE, PARTY BACKGROUND DECORATION STORE, PHOTURT PROFESSIONAL BACKDROP STORE, SEAMLESSBACKDROP STORE, SENSFUN BACKDROP STORE, SHOP1100077035 STORE, SHOP3407008 STORE, SUPERY PARTY STORE, WONCOL PROFESSIONAL BACKGROUND STORE, WOOLLEN BLANKET NO. 2 STORE,YAYESTUDIO STORE, YIWU TOYSTOCKER TOYSCO., LTD. and YOOBABY STORE,

                Defendants.

22-CV-02032 (JAV)

**ORDER AND PERMANENT INJUNCTION**

---

JEANNETTE A. VARGAS, United States District Judge:

    For the reasons set forth in the oral opinion delivered at the hearing held on November 24, 2025, Plaintiffs' Motion for Default Judgment is GRANTED as to each of the following Defendants: trend No. 2 Store, Cozy Party Store, GFdesign backdrop Store, GFUITRR Design Backdrop Store, LBING888 Store, Make Mug Store, sensfun backdrop Store, Woncol professional background Store, Yiwu Toystocker Toys Co., Ltd., and YooBaby Store (collectively, the "Defaulting Defendants").

The Clerk of Court is directed to enter judgment in favor of Plaintiffs and against the Defaulting Defendants on Counts I, II and III of the Complaint. The judgment shall award Plaintiffs statutory damages under the Lanham Act, 15 U.S.C. § 1117(c), in the amount of $75,000 against each of the Defaulting Defendants. Plaintiff is also awarded post-judgment interest as provided in 28 U.S.C. § 1961(a).

It is FURTHER ORDERED that the 30-day automatic stay on enforcing Plaintiffs' judgments, pursuant to Federal Rule of Civil Procedure 62(a), is hereby dissolved.

It is FURTHER ORDERED that Plaintiffs are granted leave to serve restraining notices on Defaulting Defendants pursuant to N.Y. C.P.L.R. § 5222.

It is FURTHER ORDERED, ADJUDGED, AND DECREED that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in active concert or participation with the Defaulting Defendants who receive actual notice of this Order are permanently enjoined and restrained from:

(1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in counterfeit products or any other products bearing the trademarks of United States Trademark Registration Numbers 5,099,550, 5,456,149, 5,258,552, and 6,635,268 (collectively, "Little Baby Bums Marks") and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Little Baby Bums;

(2) operating and/or hosting websites or merchant storefronts involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Sp5der Marks and/or any reproductions, counterfeit copies, or colorable imitations thereof that is not authorized by Plaintiff to be sold in connection with Plaintiff's Little Baby Bums Marks;

(3) directly or indirectly infringing in any manner Plaintiff's Little Baby Bums Marks;

(4) using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Little Baby Bums to identify any goods or services not authorized by Plaintiffs;

(5) using Plaintiffs' Little Baby Bums and/or any other marks that are confusingly similar to the Little Baby Bums Marks on or in connection with Defaulting Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the counterfeit products;

(6) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defaulting Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defaulting Defendants and Defaulting Defendants' commercial activities with Plaintiff;

(7) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of, and/or dealing with: (i) counterfeit products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their user accounts, merchant storefronts or Defaulting Defendants' assets, and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of counterfeit products; and

(8) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, user account, merchant storefront, or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale, and/or sale of counterfeit products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

The Clerk of Court is directed to release the five thousand-dollar ($5,000) bond posted by Plaintiffs, including any interest minus the registry fee, to Plaintiffs or their counsel.

The Clerk of Court is directed to close the case and terminate all pending motions.

SO ORDERED.

Dated: November 25, 2025
      New York, New York

                                        JEANNETTE A. VARGAS
                                      United States District Judge